## Thomas v. McCoy et al.

[No. 4,287.   Filed March 11, 1903.]

Easements.—*Private Road.—Establishment.—Complaint.*—A complaint to establish a private way of necessity, by one having an easement therefor, must contain averments showing that plaintiff requested defendant, the owner of the servient estate, to select the location of the way, and that defendant had either failed to do so or had located the way in an unreasonable manner. And in case the owner of the servient estate had failed to locate the way, that the plaintiff had selected the route therefor. The way selected must be particularly described.

From Jay Circuit Court; *H. C. Fox,* Special Judge.

Action by Harvey Thomas against Ellen McCoy and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*F. H. Snyder*, for appellant.

*D. T. Taylor*, *W. T. MacGinnitie* and *T. J. Taylor*, for appellees.

HENLEY, J.—This was an action commenced by appellant by a complaint in two paragraphs in which he seeks to establish his right to a way of necessity in the first paragraph, and in the second paragraph he seeks to quiet his title to such right. The trial court held both paragraphs of appellant's complaint insufficient, and judgment was rendered against him upon demurrer. Both paragraphs of the complaint clearly show that appellant is entitled to a way of necessity over the land to the public highway, but it is contended by appellees' counsel that neither paragraph of the complaint shows that the things necessary to be done by appellant prior to the commencement of his action have been done. In other words, it was necessary that the appellant request that the owner of the servient estate select the location of the way, and that such owner had failed to select the way when requested, or that, when requested so to do, such owner had failed to select a way in a reasonable manner, and in case the owner of the servient estate had failed to select the way, that the appellant had selected a route for the same, and that the complaint should contain a correct description of the route selected.

The contention of counsel is correct, and the failure of the complaint to aver the performance of these conditions precedent renders both paragraphs insufficient. The case of *Ritchey* v. *Welsh*, 149 Ind. 214, 40 L. R. A. 105, is a well considered case on this subject, and covers every point in controversy in the case at bar. It was there said by Monks, J., speaking for the court, that: "When no prior use of the way has been made, and the same is to be located for the first time, the owner of the land over which the same is to pass, has the right to choose it, provided he does so in a reasonable manner. * * * But if the owner

of the land fails to select such way when requested, the party who has the right thereto, may select a suitable route for the same, having due regard to the convenience of the owner of the servient estate."

It was not for the court to select the proper route for appellant under the averments of the complaint, nor could the court render an effective judgment quieting the title to any part of appellees' land, or grant to appellant an easement across appellees' land, nor quiet title to such easement, unless a particular description of the route over which the easement was granted was shown by the complaint, and in this complaint there is no allegation that an easement had been marked out, located, or existed over and across appellees' land prior to the time this action was commenced.

Neither paragraph of the complaint was sufficient, and the trial court properly so held.    Judgment affirmed.