IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1903, AND MAY TERM, 1904, IN THE EIGHTY-EIGHTH YEAR OF THE STATE.

---

CARR *v.* HUNTINGTON LIGHT & FUEL COMPANY.

[No. 4,488. Filed April 7, 1904.]

MINES AND MINERALS.—*Gas and Oil Lease.*—Where defendant, under a lease conveying all the gas and oil under certain described real estate, entered upon the land and caused to be drilled three gas-wells, and paid plaintiff, under the agreement, $300 per annum rental therefor, the defendant thereby acquired a vested interest in the land for the purposes named in the lease. *p. 5.*

LANDLORD AND TENANT.—*Breach of Covenant.*—*Forfeiture.*—The breach of a covenant to develop plaintiff's land for oil under a lease providing that defendant should operate for gas and oil does not give plaintiff the right to declare a forfeiture or obtain a cancelation of the lease. *p. 5.*

From Grant Superior Court; *Hiram Brownlee,* Judge.

Suit by Alonzo W. Carr against the Huntington Light & Fuel Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. A. Kersey,* for appellant.
*R. T. St. John* and *W. H. Charles,* for appellee.

HENLEY, C. J.—Appellant commenced this action against appellee to quiet his title to the northeast quarter of the southwest quarter and the northwest quarter of the southeast quarter of section eighteen, township twenty-four north, range nine east, in Grant county, Indiana,

The controversy grows out of the claims of appellee under an agreement entered into by the parties to the action on the 3d day of October, 1898, and which, omitting the formal parts, was in the following words: "In consideration of the sum of $40 and the covenants and agreements hereinafter contained A. W. Carr and wife, first party, hereby grant and convey unto the Huntington Light & Fuel Company, second party, heirs or assigns, all the oil and gas in and under the following described premises, together with the exclusive right to enter thereon at all times for the purpose of drilling or operating for oil, gas, or water, to erect, maintain, and remove all buildings, structures, pipes, pipe-lines, and machinery necessary for the production, storage, and transportation of oil, gas, or water, providing that the first party shall have the right to use said premises for farming purposes (except such part as is actually occupied by second party), namely: A lot of land situate in the township of Monroe, county of Grant, in the State of Indiana, as is described as follows, to wit: The northeast quarter of the southwest quarter, and also the northwest quarter of the southeast quarter, all in section eighteen, township twenty-four north, range nine east, containing in all eighty acres more or less. The above grant is made upon the following terms: Second party agrees to drill a well upon said premises within twelve months from this date, or thereafter pay in advance the first party for further delay a yearly rental of $40, until said well is drilled. Such rentals, when due, shall be deposited in Marion Bank, at Marion, Grant county, State of Indiana. Should second party refuse to make such deposits, or pay to first party on these premises, or at present residence of first party, the said rental when due as aforesaid, such refusal shall be construed by both parties hereto as the act of second party for the purpose of surrendering the rights hereby granted, and this instrument, in default of the rental payments, shall be null and void

without further notice from second party. Should oil be found in paying quantities upon these premises, second party agrees to deliver to first party in the pipe-line with which he may connect the well or wells, one-eighth part of all oil produced and saved from the premises. Should gas be found second party agrees to pay first party $100 yearly, payable annually in advance, for each and every well from which gas is transported, or used off the premises, so long as the same is so transported. First party shall have, free of expense, gas by March 15, 1899, to use, at his own risk, to light and heat the dwellings and for domestic use on said premises, by making connection at the northwest corner of the southwest quarter of section eighteen, township twenty-four north, range nine east. Second party shall bury, when requested so to do by first party, all oil and gas lines, and pay all damages to growing crops, timber, and fencing caused by the aforesaid operations. No well shall be drilled nearer than 800 feet of the buildings now on the premises without the consent of the first party, and no well shall occupy more than one-half acre. All additional taxes arising from increased valuation on each half acre drilled, caused by said operations thereon, shall be paid by the parties of the second part. Second party may at any time reconvey this grant, and thereupon this instrument shall be null and void. Should gas be found and not utilized from said land, rental shall be paid the same as gas-well rental after thirty days from completion of well, if oil is found in paying quantities, same to be marketed within six months from completion, or pay $100 per year until pipe-line is laid in said territory."

It is averred in the complaint, which is in one paragraph, that appellant is the owner of the fee of the real estate heretofore described; that appellee claims an interest in said real estate by reason of the lease heretofore set out, which is made a part of the complaint; that said

lease was made for the purpose of exploring and developing said land for gas and oil by means of wells to be drilled thereon by appellee, and not for the purpose of enabling the lessee to hold the land, or any part thereof, and prevent the same from being developed; that there are many gas and oil-wells drilled and being drilled by appellee upon lands adjacent to appellant's said land, and that gas and oil is being taken in large quantities from said wells, thereby taking the gas and oil from under appellant's said land; that "four of said wells on said adjacent lands are at distances from plaintiff's land as follows: One at 115 feet, one at 282 feet, one at 280 feet, and one at 600 feet; and all are pumping and producing oil in paying quantities, and are taking the same from plaintiff's said land." The complaint further avers that appellee has not, during the three years during which it has held the land, diligently or in good faith developed the land so held for either gas or oil, but has drilled only three wells on the eighty acres of land so held; that said wells were drilled only for gas; that if they had been drilled deeper in Trenton rock they would have produced oil in paying quantities; that but for appellee's claim under said lease appellant could procure the development of all his land for gas and oil. The complaint then concludes as follows: "Said defendant's interest in said lands under and by virtue of said lease, and on account of said three wells, extends to and includes one-half acre for each well, they being respectively in the center of each such one-half acre tract; and the defendant having a right of ingress thereto and egress therefrom over the other lands of the plaintiff for the purpose of obtaining and transporting gas from said three wells. All the residue of said eighty-acre tract of land belongs absolutely to the plaintiff, the defendant failing and refusing to develop the same as aforesaid, and its said claim is wrongful, and a cloud upon his title. Wherefore the plaintiff prays the court

Carr *v.* Huntington Light, etc., Co.

that his title to all said eighty-acre tract of land, except a one-half acre tract surrounding each of said three wells, and on the center of which, respectively, each of said wells is, and the right of access thereto for the purpose of transporting gas therefrom, be quieted in him, and that said lease be canceled."

The trial court sustained appellee's demurrer to the complaint. The sufficiency of the complaint is the only question presented by this appeal.

The complaint shows that appellee entered upon the land and caused to be drilled three gas-wells, and that appellant received and is receiving therefrom, under the agreement, the sum of $300 per annum. Through the instrument and entry, and the production of gas thereunder, appellee acquired a vested interest in the land for the purposes named in the lease. *McKnight* v. *Manufacturers Nat. Gas Co.,* 146 Pa. St. 185, 23 Atl. 164, 28 Am. St. 790; *Harris* v. *Ohio Oil Co.,* 57 Ohio St. 118, 48 N. E. 502; *Heller* v. *Dailey,* 28 Ind. App. 555.

Assuming that the appellee impliedly covenanted reasonably to develop and operate the land for oil, and that appellee has broken the implied covenant as to the development for oil, appellant's remedy is not by way of forfeiture or cancelation of the contract. *Harris* v. *Ohio Oil Co., supra.*

The complaint in the case at bar is insufficient for the further reason that the description of the real estate, the title to which is sought to be quieted, is insufficient. *Jones* v. *Mount,* 30 Ind. App. 59, and cases cited.

Judgment affirmed.

Robinson, J., concurs in result.