# CHARLESTON.

KISER v. McLEAN, TRUSTEE.

Decided March 22, 1910.

1. MINES AND MINERALS—*Exceptions—Quiet Possession—Effect.*
    In a grant of land, an exception of the oil and gas and the right to go upon the land for the same is not defeated by covenants for quiet possession of the land and freedom from encumbrances thereon. Such covenants relate only to the thing conveyed—the land without the oil and gas—the land burdened with the right to operate thereon for the oil and gas retained.

2. COVENANTS—*Construction.*
    Covenants in a deed that are plainly intended to defend that which has been granted must be construed to be only co-extensive with the grant.

3. MINES AND MINERALS—*Oil and Gas in Place—Possession of Surface.*
    Mere possession of the surface of land as to which the title to the oil and gas in place thereunder has been severed is not possession of that oil and Gas.

4. SAME—*Oil and Gas Severed in Title—Possession of Owner of Title.*
    Oil and gas severed in title from that of the land under which they lie are not in the possession of the owner of the surface,

67 W. Va.

unless'he takes actual physical possession of them, as by drilling wells into the same.

5.  SAME—*Payment of Taxes—Presumption.*

    On a claim of forfeiture for non-entry of oil and gas which have been served in title from that of the land under which they lie, it will be presumed that the land was assessed and taxed as a whole at the time of the severance, that it has since been carried on the land books in the same manner, and that the taxes have been paid on the land as a whole, when the contrary does not appear.

Appeal from Circuit Court, Jackson County.

Bill by John P. Kiser against James L. McLean, trustee, and others.  Decree of dismissal, and plaintiff appeals.

*Affirmed.*

*Charles E. Hogg* and *Warren Miller,* for appellant.

*Wm. O. Parsons, Jno. H. Riley, Brown, Jackson & Knight,* and *Price, Smith, Spilman & Clay,* for appellees.

ROBINSON, PRESIDENT:

The bill is one to remove cloud from title.  Plaintiff seeks to annul an oil and gas lease which he asserts others without right have placed upon his land.  The case was heard on a demurrer to the bill, the answers of the defendants, and an agreed statement of facts.  The court dismissed the bill, and plaintiff appealed.

Mary A. D. Bruen, trustee, conveyed the land to the plaintiff in 1882.  The beneficiaries for whom she as trustee held title joined in the deed.  The granting clause contained the following exception: "Reserving and excepting however from the effects and operation of this conveyance all the petroleum and natural gas together with a right of way over and across the above described tract of land and whatever else may be necessary to a full and free enjoyment of this reservation."  At the time of the conveyance an oil and gas lease covered the land.  Later leases of this oil and gas were made by Bruen, trustee, or her successor in title.  All of these prior leases expired.  Then a lease to John H. Riley was made by McLean, trustee, successor to Bruen.  It is this lease to Riley that the

bill seeks to have cancelled as a cloud on plaintiff's title to the land.

The gist of plaintiff's case is that the exception of the oil and gas in the deed is of no avail because it is repugnant to the covenants contained in that deed. The clause containing these covenants is as follows: "The said parties of the first part hereby covenant that the said John P. Kiser shall have quiet possession of said land free from all incumbrances; and further that they, the said parties of the first part, will warrant generally the property hereby conveyed." Plaintiff maintains that the deed vested in him the title to the oil and gas; and, therefore, that McLean, trustee, had no title thereto which he could lease to Riley. In other words, it is insisted that these covenants enlarge the grant so that the exception does not retain title to the oil and gas in the grantors—that the exception cannot prevail because it would prevent quiet enjoyment and freedom from incumbrances.

The exception and the covenants are not repugnant. The covenants relate only to the property granted. That property is the land without the oil and gas. It is the land burdened with the right of the grantors to get the oil and gas which they have retained thereunder. The oil and gas and the right to go upon the land for them are not granted by the deed. The granting clause itself says that they are excepted from "the effect and operation of this conveyance." If the deed had no effect or operation upon the oil and gas and the right to go upon the land for them, then, of course, those things were not granted to plaintiff. They were retained. Title thereto remained in the grantors. *Preston* v. *White,* 57 W. Va. 279, and other cases. Is it reasonable to say that the grantors intended the covenants to refer to the things which were not conveyed? The covenants refer to "the said land" and to "the property hereby conveyed." Now, what is meant by "the said land?" Certainly, the land that is granted is meant, which land is that without the oil and gas and upon which is retained a right to produce the oil and gas. And what is meant by "the property hereby conveyed?" Exactly the same thing—the land without the oil and gas and upon which land is a right to operate for those products. Let us observe the plain intention of the grantors disclosed by the deed as a

whole. That intention must control our construction. *Uhl v. Railroad Co.*, 51 W. Va. 106. Did the grantors mean to defend in plaintiff that which they plainly did not intend to grant him? Did the grantors intend the exception which they made in the conveyance to be wholly defeated by the covenants they made therein? Surely not. If so, why insert the exception at all? Why retain the oil and gas and a right to go upon the land, and then covenant that they would never claim the retained property, nor exercise the right? The covenants are limited and restricted by the granting clause. Brewster on Conveyancing, sections 207, 208. Their office is merely to defend that which has been granted. They are only coextensive with the grant. 8 Amer. & Eng. Enc. of Law (2d Ed.) 66. Clearly they were never meant to defeat the exception in the grant. That exception left the oil and gas vested in the grantors as a separate corporeal property. The covenants do not effect such estate in the grantors or those who hold under them.

The admitted facts that defendants and those under whom they claim have never had actual physical possession of the oil and gas under plaintiff's land, that they have never had the same separately assessed and have never paid taxes thereon, and that plaintiff has had exclusive possession of the tract of land since the date of the deed, do not destroy the title of defendants to the oil and gas and the right in relation thereto. Defendants and those under whom they hold have been the true owners of the severed estate in the oil and gas and have been in constructive possession of the same since the making of the deed to plaintiff. Every owner of property has such possession if he is not actually possessed himself or ousted from possession by another. Certainly the plaintiff has not had actual possession so as to oust the owners of the oil and gas of their title. His possession of the land from which the title to the oil and gas thereunder has been severed by the exception does not give him possession of that underlying oil and gas. Though he own the surface and all other strata, he does not own the oil and gas. His possession of the surface cannot constructively extend to them. *Plant v. Humphries*, 66 W. Va. 88. He can only take possession of them by drilling wells. This he has not done. While it appears that the owners of the oil and gas have not had the same separately assessed and have not paid

taxes thereon, yet it is not shown that the land has not been taxed as a whole. We must presume that the land was taxed as a whole at the time the oil and gas were severed in title by the exception in the deed, that the land has since been carried on the land books in the same manner, and that all the taxes have been paid. *Sult* v. *Oil Co.,* 63 W. Va. 317. At any rate if there had been a forfeiture of the title to the oil and gas it could not have availed plaintiff. He has had no such possession of that oil and gas as would transfer title to him under the Constitution, even if the state had acquired title by forfeiture.

Plaintiff failed to show any cloud on his title. That which he claimed as such is shown to be a distinct and valid title in nowise conflicting with the title which he holds in the land. His title does not extend to the oil and gas and the right to produce them. Therefore, the severed title to the oil and gas and the right on the land in relation to the same existing as it does in defendants, cannot interfere with that which belongs to him. The decree is right and it is affirmed.

*Affirmed.*