BRENNAN et al. v. HUNTER et al.

No. 8471—Opinion Filed April 9, 1918.

(172 Pac. 49.)

(Syllabus.)

1. Oil and Gas—Lease—Forfeiture.

Ordinarily the lessor in an oil and gas lease is the only person who can take advantage of a provision therein providing for a forfeiture thereof for failure of the lessees to comply with its terms, unless there is an express stipulation that the lease shall be void upon failure to comply with its terms.

2. Same.

The lessor is the only person who can avoid an oil and gas lease on the ground that it is rendered unilateral by reason of a surrender clause contained therein, and claim a cancellation thereof because of such surrender clause.

3. Same — Lease —Construction — Possession of Lessee.

The lease in question conferred upon the lessees the right to go on its premises and search for oil and gas within the initial period, and to commence operations within that time, and continue same with reasonable diligence until it was determined whether the premises were barren, or oil and gas, or either of them, was found thereon in paying quantities, and, while the lessees acquired no vested estate in the premises, yet they had the right to the possession of the land to the extent reasonably necessary to perform the obligations imposed upon them by the terms of the lease.

4. Same.

After oil and gas or either of them was found upon the leased premises in paying quantities, the lessees thereby acquired a vested, though limited, estate in the leased premises for the purposes named in the lease, and are entitled to be protected in the exercise of their rights according to the terms and conditions of their contract, unless the lease has been forfeited for a violation of some of its terms or has been abandoned by them.

5. Same — Lease — Construction — Estate Conveyed.

An oil and gas lease is not a grant of the oil and gas that is in the ground, but of such part thereof as the lessee may find, and passes no estate that can be the subject of an ejectment or other real action.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by Josephine Hill and William Brennan against Frank J. Hunter and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Brook & Brook, for plaintiffs in error.

Malcolm E. Rosser and William M. Matthews, for defendants in error.

HARDY, J. Josephine Hill and William Brennan commenced an action in the district court of McIntosh county to cancel and annul an oil and gas lease executed by plaintiff Hill on certain lands situated in said county to Frank J. Hunter, J. A. English, and S. W. Caudle. The court made findings in favor of defendants upon all issues joined, whereupon plaintiffs filed motion for new trial, which was overruled. By leave of court plaintiff Hill dismissed her petition without prejudice, and judgment was rendered in favor of defendants and against

plaintiff Brennan, who brings the case here, joining Hill as plaintiff in error, who files motion to advance and affirm the judgment.

It is urged for reversal that the court erred, first, in not holding there was failure of consideration moving from defendants to plaintiff Hill; second, in not holding that the lease executed by Hill to defendants had been abandoned; third, in not holding that the lease was unilateral and showed upon its face a lack of mutuality between the contracting parties; and, fourth, in not holding that the terms of the lease had been violated in that the advance gas rentals, as provided therein, amounting to $200 per year, had not been paid.

The brief of plaintiffs in error was apparently prepared and filed on the theory that Hill was urging a reversal of the case, as she is named in the brief as plaintiff in error, and no mention is made therein of the fact that she had dismissed her petition in the trial court without prejudice, and was here urging an affirmance of the judgment appealed from.

Ordinarily the lessor is the only person who can take advantage of a provision in a lease providing for a forfeiture thereof for failure of the lessee to comply with its terms, unless there is an express stipulation in the lease that same shall be null and void upon failure of the lessee to comply with its terms. Cohn v. Clark, 48 Okla. 500, 150 Pac. 467, L. R. A. 1916B, 686.

And likewise the lessor is the only person who can urge that a lease is unilateral by reason of the presence of a surrender clause therein, and claim a cancellation of the lease because the lessee in a subsequent lease cannot urge the invalidity of a prior lease for that reason. Bearman v. Dux Oil & Gas Co., 64 Okla. 147, 166 Pac. 199.

But assuming that plaintiff Brennan is in position to urge a review of the findings of fact by the court, the judgment should be affirmed; for, upon an examination of the record, we are unwilling to say that the findings of the trial court are against the clear weight of the evidence.

The lease to Hunter and associates was dated February 18, 1914, and required the lessees to commence development within 90 days thereafter. The lease did not contain a provision for delay in development by the payment of rentals such as is usually contained in oil and gas leases. Development was commenced within 90 days, and a well completed, in which gas was found in paying quantities, and, according to the terms of the lease, Hunter and his associates paid to Hill $200 as rental upon said well for a period of 12 months.

The court having found in favor of defendants, and plaintiff Hill having acquiesced in that judgment, the question is now presented: What are the rights of Brennan under his lease as against Hunter and associates? The lease from Hill to Hunter and associates conferred on the lessees the right to go on the premises and search for oil within the initial period, and to commence operations within that period, and continue same until it was determined whether the premises were barren, or oil and gas, or either of them, was found thereon in paying quantities, and, while the lessees acquired no vested estate in the premises prior to the discovery of oil and gas, yet they had the right to the possession of the land to the extent reasonably necessary to perform the obligations imposed upon them by the terms of the lease. Frank Oil Co. v. Belleview Gas & Oil Co., 29 Okla. 719, 119 Pac. 260, 43 L. R. (N. S.) 487.

In this case possession was delivered to them and operations commenced, and a well drilled in which gas was found in paying quantities, and the lessees thereby acquired a vested, though limited, estate in the lands for the purposes named in the lease, and are entitled to be protected in the exercise of their rights according to the terms and conditions of their contract, unless the lease has been forfeited for a violation of some of its terms, or has been abandoned by them, neither of which contingencies has occurred according to the findings of the court. The views above expressed are sustained by the great weight of authority, if not by the unanimous opinions of the courts. Petroleum Co. v. Coal Co., 89 Tenn. 381, 18 S. W. 65; Lowther Oil Co. v. Miller-Silby Oil Co., 53 W. Va. 507, 44 S. E. 433, 97 Am. St. Rep. 1027; Venture Oil Co. v. Fretts, 152 Pa. 457, 25 Atl. 732; Harris v. Ohio Oil Co., 57 Ohio St. 118, 48 N. E. 502; Carr v. Huntington Light & Fuel Co., 33 Ind. App. 1, 70 N. E. 552; Headley v. Hoopengarner, 60 W. Va. 626, 55 S. E. 744; Lindlay v. Raydure (D. C.( 239 Fed. 928; Doddridge County Oil & Gas Co. v. Smith (C. C.) 154 Fed. 970; Dickey v. Coffeyville Vitrified Brick & Tile Co., 69 Kan. 106, 79 Pac. 398; Richlands Oil Co. v. Morriss, 108 Va. 288, 61 S. E. 762.

Besides the lease under which plaintiff Brennan claims contains a surrender clause by the terms of which said plaintiff may at any time upon the payment of $1, surrender said premises, and relieve himself from any obligation under the lease; and, this being true, his lease is unilateral, and is

such a one as a court of equity will refuse to enforce, and will not furnish the basis for an action in ejectment or other real action. Kolachny v. Galbreath, 26 Okla. 772, 110 Pac. 902, 38 L. R. A. (N. S.) 451; Brown v. Wilson, 58 Okla. 392, 160 Pac. 94, L. R. A 1917B, 1184; Hill Oil & Gas Co. v. White, 53 Okla. 748, 157 Pac. 710.

A similar situation was presented in Kolachny v. Galbreath et al., supra. The lease under which Kolachny claimed was executed on May 7, 1904, by Sallie Garrett Scott, the original allottee, and was duly filed for record, but was never approved by the Secretary of the Interior. Thereafter Scott sold the premises to Severs, who executed a lease to Galbreath and others. Kolachny brought an action to cancel the lease held by Galbreath and associates, and to restrain them from developing the land, and to permit him to operate under his lease. This was held to amount to a specific performance in equity, and the relief was denied. Brown v. Wilson is not in conflict with the holding in Kolachny v. Galbreath et al., for in that case Ruhl and wife, who were the owners of the premises, were plaintiffs in the action to have a forfeiture of the premises judicially declared.

The judgment is affirmed.