LUSE et ux. v. PARMER. (No. 1085.)

(Court of Civil Appeals of Texas. El Paso. March 4, 1920. On Vacation of Order of Dismissal, April 8, 1920. Rehearing Denied May 6, 1920.)

1. **Appeal and error** �köö509—**Record must show that notice of appeal was given in court below.**

In view of Rev. St. art. 2084, it is jurisdictional that the record on appeal discloses that notice of appeal was given in the court below.

On Vacation of Order of Dismissal.

2. **Mines and minerals** �köö55(5)—**Reservations of coal and "mineral" held reservation of oil, petroleum, and gas.**

Reservations in deeds to realty "excepting and reserving all coal and mineral and the right to prospect, mine and remove the same," and "the coal and mineral in said described land and the right to work and remove the same is especially retained" to grantor, *held* to reserve title to the oil, petroleum, and gas.

3. **Mines and minerals** ⊦köö49—**Adverse possession of surface will not defeat title to minerals reserved.**

Where land has been conveyed reserving oil and gas rights, grantee is entitled to the ordinary possession of the surface, and such possession alone will not defeat by limitation the title to the minerals which were reserved.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Suit by W. L. Parmer against J. E. Luse and wife to quiet title. Judgment for plaintiff, and defendants appeal. Affirmed in part, and in part reversed and rendered.

Scott, Brelsford & Smith and R. B. Truly, all of Eastland, for appellants.

J. J. Butts and Eugene Lankford, both of Cisco, and G. W. Dunaway, of Ranger, for appellee.

HIGGINS, J. [1] In this appeal the record fails to disclose that notice of appeal was given in the court below. This is a jurisdictional matter. Article 2084, R. S.

This appeal will be, and it is, ordered dismissed, unless within 20 days from this date satisfactory evidence be adduced showing that in fact due notice was given as by law required. Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

Dismissed conditionally.

On Vacation of Order of Dismissal.

Satisfactory evidence having been adduced showing that in fact due notice of appeal was given in the court below as by law required, the order of dismissal heretofore made in this case is set aside. The appellee, Parmer, brought this suit against the appellants, J. E. Luse and wife, M. L. Luse, to re-

cover the N. E. ¼ of section 10 in block 2, B. B. B. & C. Ry. Co. survey, and the N. W. ¼ of section 14 surveyed by the B. B. B. & C. Ry. Co. lying immediately east of said section 10 and situate in Eastland county. The plaintiff pleaded his title, specially claiming the N. E. ¼ of section 10 under the three-year statute of limitation, and claiming both tracts under the five and ten year statutes of limitation. It was averred that the defendants were setting up some claim to the land which constituted a cloud upon his title, and judgment was sought removing the cloud and quieting title.

The appellants answered, setting up that Parmer was a remote vendee of theirs claiming under G. L. Heustis, to whom the land had been conveyed by appellants; that in their deed to Heustis they reserved the oil and gas in the land, and by virtue of such reservation they were the owners of such oil and gas.

Upon trial before the court judgment was rendered vesting in Parmer title to and possession of all the oil, petroleum, and gas in, on, and under the surface of the above lands.

Upon trial Parmer made a prima facie case of title by limitation.

The defendants Luse offered in evidence recorded deeds to the N. E. ¼ of section 10 as follows:

(1) J. E. Luse to G. L. Heustis, dated January 31, 1883. This deed contains this reservation:

"Excepting and reserving all coal and mineral and the right to prospect, mine, and remove the same."

(2) J. E. Luse to G. L. Heustis, dated February 1, 1888. This deed contains this reservation:

"Yet, nevertheless, the coal and mineral in said described land and the right to work and remove the same is especially retained to the said J. E. Luse, his heirs and assigns forever."

Also recorded deeds covering both tracts of land as follows:

(3) G. L. Heustis to J. G. Triplett, dated May 25, 1910.

(4) J. G. Triplett to W. L. Parmer, dated October 4, 1913.

Deeds numbered 3 and 4 contain no reservation.

The above-mentioned deeds were the only evidence of title offered by defendants. Said deeds constituted the only evidence adduced as to the record title.

Opinion.

Since the testimony of Parmer prima facie makes out a limitation title in his favor, and the appellants have not in any wise connected themselves with the title to the N. W. ¼ of

section 14, the judgment as to that tract must be affirmed.

As to the N. E. ¼ of section 10, the question is presented as to the proper construction of the mineral reservations in the two deeds to Heustis as affecting the title to the oil, petroleum, and gas in the land. So far as this question is concerned, there is no material difference between these reservations and the one construed in Luse v. Boatman, 217 S. W. 1096, recently decided by the Ft. Worth Court of Civil Appeals. In the instant case findings of fact and conclusions of law were not filed by the lower court, but the evidence establishes the same facts substantially as were found by the trial court in the Boatman Case. In the case at bar the same questions are presented as were urged before and considered by the court in the Boatman Case.

In so far as concerns the N. E. ¼ of section 10, there is no material distinction between the two cases. It is not asserted by the appellee that there is any.

[2, 3] We concur in the conclusion reached by the Ft. Worth court that the reservation in the Luse deeds retained in the grantor the title to the oil, petroleum, and gas. The possession of the land by Parmer is not shown by the evidence to have been adverse to such title. It was the ordinary possession of the surface to which he was entitled under his deeds, and this alone would not defeat by limitation the title to the minerals which was reserved by the appellant J. E. Luse when he conveyed to Heustis. Kiser v. McLean, 67 W. Va. 294, 67 S. E. 725, 140 Am. St. Rep. 948, and note thereunder; Sult v. A. Hochstetter Oil Co., 63 W. Va. 317, 61 S. E. 308; Huss v. Jacobs, 210 Pa. 145, 59 Atl. 991; Farnsworth v. Barret, 146 Ky. 556, 142 S. W. 1049; Gordon v. Park, 219 Mo. 600, 117 S. W. 1163; Manning v. Kansas & T. Coal Co., 181 Mo. 359, 81 S. W. 140; Northcut v. Church, 135 Tenn. 541, 188 S. W. 220, 223, Ann. Cas. 1918B, 545.

Affirmed as to the N. W. ¼ of section 14, in block No. 2, B. B. B. & C. Ry. Co. survey.

As to the N. E. ¼ of section 10 in block No. 2, B. B. B. & C. Ry. Co. survey, certificate No. 623, the judgment is reversed, and here rendered that Parmer have and recover of and from appellants the title thereto and possession thereof, reserving, however, to J. E. Luse and M. L. Luse, all coal and mineral in said land and the right to prospect, mine, work, and remove the same as per the reservations contained in the two deeds aforesaid of J. E. Luse to G. L. Heustis, dated January 31, 1883, and February 1, 1888, respectively; and it is further decreed that the oil, petroleum and gas in said land, and on and under its surface, is embraced within the term "mineral" as used in said reservations, and that as to such coal and

mineral, which includes said oil, petroleum, and gas, the said Parmer take nothing. For a more particular description of the lands affected by this judgment reference is made to the plaintiff's original petition herein.

Affirmed in part; reversed and rendered in part.