## SMITH v. KERR.

No. 13368—Opinion Filed June 17, 1924.

Rehearing Denied Sept. 16, 1924.

**1. Deeds—Reservation of Oil and Gas Rights—Conformity to Contract to Convey.**

An exception contained in a warranty deed retaining to the grantor an undivided one-half interest in the oil and gas in and under the land for a period of 20 years with right to go upon the land and to use so much of the surface as is reasonable in extracting such oil and gas, is no broader nor more comprehensive in legal effect than an exception in the original contract to convey by which grantor bound himself to execute the deed in question, but which exception clause in the contract omitted the words authorizing him to go upon the land and use "so much of the surface as may be reasonable for the purpose of extracting," since a right to oil and gas necessarily includes the right to reduce it to possession, otherwise the right would be wholly futile, without meaning and without value.

**2. Same—Sufficiency of Deed Tendered.**

Where grantor tenders a good title by warranty deed in performance of his contract to convey, and such deed is rejected by the grantee upon the sole ground that the exception clause contained in the deed is broader and more comprehensive than the corresponding clause in the contract, which objection is based wholly upon the difference in verbiage above shown, the tender of such deed is a compliance with and not a breach of the contract.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Washita County; Thomas A. Edwards, Judge.

Action by Grant Kerr against N. W. Smith to recover damages for breach of contract to convey real estate. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

In June, 1920, N. W. Smith entered into a contract with Grant Kerr by the terms of which Smith agreed and bound himself to convey to Kerr by deed of general warranty a certain quarter section of land, reserving to himself in such contract an undivided one-half interest in the oil, gas, and other minerals under said land. Kerr paid $500 on the purchase price at the time of the execution of the contract, the remainder of the purchase price to be paid upon delivery of deed and abstract to a certain bank not later than August 1 of that year. A deed was tendered pursuant to said contract which was not signed by Smith's wife. Upon his attention being called to this, the deed was properly executed and acknowledged by both Smith and his wife and tendered to Kerr, who refused to accept the same upon the ground that the clause in the deed which was tendered excepting the oil, gas, and minerals was broader and more comprehensive in its terms than the exception clause contained in the original contract between the parties. Thereafter, on October 19, 1920, this action was commenced to recover damages alleged to have been suffered by Kerr by reason of the alleged breach of contract by Smith. Upon trial in the district court judgment was rendered in favor of the plaintiff for the sum of $650 as damages, $500 on the purchase price originally paid by Kerr, and certain expenses shown to have been paid by Kerr pending this transaction between the parties. After unsuccessful motion for new trial, defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Meacham & Meacham; for plaintiff in error.

A. E. Darnell, for defendant in error.

Opinion by LOGSDON, C. In defendant's brief only two propositions are presented and argued for a reversal. In the view taken of the case by this court it will only be necessary to consider one of these, being the fourth specification of error and reading as follows:

"That the court erred in overruling defendant's demurrer to plaintiff's evidence.

which demurrer was interposed by defendant at the close of plaintiff's evidence."

Upon trial of the case no question was raised as to the title shown by the abstract of defendant nor as to the sufficiency of the warranty deed executed by defendant and wife, and the only evidence introduced by the plaintiff for the purpose of showing a breach of contract on the part of defendant was the original contract between the parties and the warranty deed tendered to the plaintiff by defendant, together with oral testimony relating to the exception clause contained in each of these instruments. It is, therefore, apparent from an examination of the record in this case that plaintiff's cause of action against the defendant was and is wholly dependent upon a construction of these two exception clauses. The trial court overruled defendant's demurrer to plaintiff's evidence, thereby holding and determining that the exception clause in the deed was broader and more comprehensive than the exception clause contained in the contract, and therefore constituted a breach of contract on the part of defendant. The excepting clause, contained in the original contract between the parties, reads as follows:

"First party retains one-half of all oil and gas and mineral and rentals for a pe riod of twenty years from the date of said deed, then and there same shall be null and void, unless oil and gas is being found in paying quantities."

In the warranty deed executed by defendant and his wife, and which was tendered to and refused by plaintiff, the language of the exception reads:

"However, it is hereby agreed that the parties of the first part reserve an undivided one-half interest in and to all oil, gas and minerals and all oil, gas and mineral rights upon and under the above described lands, and the right to enter thereon and to use so much of the surface as may be reasonable for the purpose of extracting the oil, gas and mineral thereon and thereunder at any time is reserved from this grant for the period of twenty years from the date of said grant, or so long as oil or gas or either of them is found in paying quantities upon the above grant."

It has long been settled in this jurisdiction that a lease of land for oil and gas purposes is not a grant of any estate in the land, but is simply a grant of a right to prospect for oil and gas, no title vesting until such substances are reduced to possession by extracting same from the earth. Kolachny v. Galbraith, 26 Okla. 772, 110 Pac. 902; Frank Oil Co. v. Belleview Oil & Gas Co., 29 Okla. 724, 119 Pac. 260; Mitch-

ell v. Probst, 52 Okla. 15, 152 Pac. 597; Warner v. Page, 59 Okla. 259, 159 Pac. 264; Kelly v. Harris, 62 Okla. 236, 162 Pac. 219; Garfield Oil Co. v. Champlin, 78 Okla. 91, 189 Pac. 514; Brennan v. Hunter, 68 Okla. 112, 172 Pac. 49; Curtis v. Harris, 76 Okla. 226, 184 Pac. 574.

The exception or reservation expressed in the original contract between the parties gave to the defendant the same rights which a lessee would have had in an undivided one-half interest in the oil, gas, and minerals, and this court has held in numerous cases, and the proposition is now settled in this state, that a grant of oil and gas is a grant of the right to explore for same and to a reasonable use of the surface of the land for such purpose. Under the decisions of this court the right of the defendant to explore for oil and gas under the exception clause of the contract was as clear, as definite, and as unquestionable as it could be under the exception clause in the deed. The only effect of the latter clause is to make definite and certain by express language in the clause itself the right which the law would accord him under the language of the contract. Such an exception or reservation in a deed is not repugnant to the language of the conveyance itself as it is an exception or reservation of a part of the thing granted and creates a separate and distinct right and estate.

Thornton in his work on Oil and Gas (3rd Ed.) page 496, expresses the effect of the clause in this contract in this language:

"In case of either a reservation or an exception, the grantor has a right to enter on the surface, with all the usual necessary appliances, to remove the mineral, without any express authority reserved to that effect."

In the case of Kiser v. McLean (W. Va.) 67 S. E. 725, that court in passing upon the effect of an exception in a deed similar to the one here involved, said:

"In a grant of land, an exception of oil and gas and the right to go upon the land for the same is not defeated by covenants for quiet possession of the land and freedom from incumbrances thereon. Such covenants relate only to the thing conveyed—the land without the oil and gas—the land burdened with the right to operate thereon for the oil and gas retained."

Each of the clauses here involved excepted from the conveyances an undivided one-half interest in the oil and gas and other minerals, and each clause limited the duration of that right to a period of 20 years.

from the date of the deed unless oil and gas were found in paying quantities thereon. There is, therefore, no conflict between the two provisions. In legal effect the clause in the contract is as broad and comprehensive in its terms as is the clause in the deed, and the execution and tender of the deed by defendant was a full compliance with the terms of his contract to convey and was not a breach thereof.

It is, therefore, concluded that the trial court erred in overruling the demurrer of the defendant to the evidence of the plaintiff after plaintiff had rested his case, and that such error was prejudicial to the substantial rights of the defendant. This cause should, therefore, be reversed with directions to the trial court to vacate the judgment heretofore rendered and to enter its order sustaining the demurrer of the defendant to the evidence of the plaintiff and for further proceedings in conformity with the views herein expressed.

By the Court: It is so ordered.