**CSX TRANSPORTATION, INC., formerly known as Seaboard System Railroad, Inc., a/k/a Louisville & Nashville Railroad, formerly known as the Monon Railroad, formerly known as the C. I. & L. Railroad, Appellant–Defendant,**

v.

**Martha E. RABOLD, et al., Appellee–Plaintiff.**

**No. 51A04–9111–CV–388.**

Court of Appeals of Indiana, Fourth District.

June 24, 1992.

Transfer Denied Sept. 8, 1992.

Michael L. Carmin, Cotner, Andrews, Mann & Chapman, Bloomington, for appellant-defendant.

James C. Tucker, Tucker & Tucker, Paoli, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant CSX Transportation, Inc. formerly known as Seaboard System Railroad, Inc., a/k/a Louisville & Nashville Railroad, formerly known as The Monon Railroad, formerly known as the C.I. & L. Railroad (Railroad) brings this interlocutory action to appeal the trial court's certification of a class as requested by Plaintiffs–Appellees Martha E. Rabold, et al. (Appellees).[1]

We affirm.

Railroad raises the following restated issues for our review:

1. whether the class meets the requirements of Ind. Trial Rule 23(A) and (B); and

2. whether the subject matter of the proposed class action prevents the utilization of T.R. 23.

Appellees brought an action seeking to quiet title in land allegedly abandoned by Railroad. Soon thereafter, Appellees petitioned the court to certify a class. In pertinent part, the petition stated:

1. Defendant, CSX Transportation, Inc., and/or its predecessors, maintained in the past a system of railroad service in Orange County, Indiana.

2. That first the rail service between Paoli, Indiana and French Lick, Indiana, was abandoned by the defendant; and, thereafter, the railroad service between a point on the south boundary of Orleans, Indiana and extending southwardly to Paoli, Indiana was abandoned.

3. The railroad tracks have been removed, and the railroad service is not now in effect.

4. Further, the defendant, and/or its predecessors have transferred whatever title they have to certain portions of the former railroad to individual land owners, indicating that railroad service will not be re-established at any time by the defendant.

5. That the original plaintiffs in this cause of action are adjoining land owners to the abandoned railroad right-of-way.

6. That there are numerous other land owners adjoining the abandoned right-of-way who have heretofore not received transfer of ownership rights from the defendant or its predecessor who would be in the same or similar position as plaintiffs in this cause of action. That the class of persons so involved is so numerous that joinder of members is impracticable....

(R. 24–25).

After a hearing on the petition, the trial court issued an order certifying the class. It ordered "that the class shall consist of those people who have an ownership or equitable interest in the old Monon abandoned Railroad from the west side of Paoli to the southside of Orleans." (R. 1).

■ This interlocutory appeal requires us to consider only the question of the correctness of the trial court's certification of the appellee's class. The standard of review to be applied is whether the trial court abused its discretion in granting certification. *Skalbania v. Simmons* (1982), Ind.App., 443 N.E.2d 352, 356, *reh. denied.* If the trial court's exercise of discretion is supported by substantial evidence, then it will withstand appellate review. *Id.*

■ Railroad contends the trial court erred in certifying the class under T.R. 23(A)(2) & (3) because the issues presented are not common or typical of all members

---

1. The original plaintiffs are Martha E. Rabold, Ridgewood Dimension, Inc., and Ferrell E. King. Railroad has settled with Rabold.

of the class. Specifically, Railroad argues the resolution of its dispute with the adjoining landowners is not only dependent upon the issue of whether the land was abandoned, but also upon the nature of the interest granted by each landowner to the Railroad. Railroad points out that land granted as a right of way reverts to the owner upon abandonment, but land granted to Railroad in fee does not. Railroad cites to numerous federal trial court decisions in support of its contention.[2]

The issue of whether Railroad has abandoned the disputed properties is common to all members of the class. Under T.R. 23(C)(4)(a), the trial court may maintain an action as a class action with respect to particular common and typical issues. Under T.R. 23(C)(4)(b), the trial court may divide a class into subclasses and treat each subclass as a separate class. Furthermore, "[e]ven if it is determined that separate inquiry must be made of class members, the flexibility of T.R. 23 ensnares and defeats [Railroad's] claim that certification was error." *Skalbania*, 443 N.E.2d at 360. Under T.R. 23(D), a trial court may "make individual inquiry to members of the class and [approve] of individual discovery as a class action device." *Id.*

In the present case, the major issue of abandonment is common and typical to the class. The issue concerning which members of the class will recover property if the trial court finds abandonment can be resolved through the trial court's careful supervision under the provisions of T.R. 23(C) and (D). Under these circumstances, we cannot say the trial court abused its discretion in certifying this action as a class action T.R. 23(A).

Railroad also contends the trial court erred in certifying the class under T.R. 23(B). We disagree. Railroad's denial of abandonment is the basis for its refusal to allow the class members to recover full use of their properties. This refusal to act is "generally applicable" to each of the class members. *See*, T.R. 23(B)(2).

■ Finally, Railroad cites to 24 I.L.E. *Quieting Title* § 27, which states "[t]he complaint in an action to quiet title must contain a pertinent, definite, and accurate description of the land in controversy, and where the description of the land is so uncertain that it cannot be identified, the complaint is fatally defective and the action cannot be maintained." Railroad also cites *Carr v. Huntington Light & Fuel Co.* (1904), 33 Ind.App. 1, 70 N.E. 552, 554; and *Thomas v. McCoy* (1903), 30 Ind.App. 555, 66 N.E. 700, 701, for the same proposition. Railroad argues this requirement cannot be maintained by the unknown members of the class.[3]

Railroad's argument is misplaced. The adequacy of the description of a particular landowner's property is a question pertinent to his inclusion in the class. It is not a question pertinent to certification of the class as a whole. The general boundaries of the land allegedly abandoned by Railroad are established by the pleadings and the trial court's order certifying the class. Each class member's individual right to quiet title can be established by discovery pursuant to T.R. 23(D).

Affirmed.

MILLER and CHEZEM, JJ., concur.

---

2. Where feasible, Indiana courts follow parallel federal law in interpreting T.R. 23. *See, Bowen v. Sonnenburg* (1980), Ind.App., 411 N.E.2d 390, 397. However, federal trial court decisions, while enlightening, are not conclusive under our standard of review. "[O]ur function is not to look at all the factors opposing and supporting class certification, but rather to focus upon whether there are factors supporting the trial court's action." *Skalbania*, 443 N.E.2d at 359–360.

3. We note the pleading requirements of antiquity were much more rigorous than the notice pleading requirements of today.