### HALL v. HAER et ux.

No. 21263.   Opinion Filed Nov. 15, 1932.

Hughes & Ellinghausen, for plaintiff in error.

Park Wyatt and Byron Lamun, for defendants in error.

HEFNER, J. This is an action in equity brought in the district court of Pottawatomie county by Fred Hall against Emmett and Rinna Haer, the effect of which is to compel specific performance of an alleged oral agreement to convey to him an undivided one-half interest in the minerals lying in and under 80 acres of land located in that county; and for an accounting.

Defendants answered by general denial, and at the trial also pleaded the statute of frauds. The trial court entered judgment in favor of defendants upon sustaining their demurrer to plaintiff's evidence. Plaintiff has appealed, and asserts that the judgment is contrary to law.

It is the contention of defendants that the agreement which plaintiff seeks to enforce is one affecting an interest in real estate, and, being in parol, is within the statute of frauds and unenforceable.

The record shows that defendant Emmett Haer is the owner of the land in question. Sometime prior to entering into the parol agreement here involved, he executed an oil and gas lease thereon to various oil companies, which companies in return entered into a drilling contract with the Barr Drilling Company to drill a test well to the Wilcox sand, unless oil and gas in paying quantities were found at a lesser depth. The drilling company drilled a well to this sand and it was abandoned as a dry hole. In drilling to this sand, the company encountered some showing of oil in the Hunton lime at a depth of approximately 4,450 feet, but no attempt was made by the owners of the lease to produce therefrom. Plaintiff was the driller for the Barr Drilling Company which drilled the well. After it was ascertained by defendants, owners of the land, that the well was abandoned by the owners of the lease as a dry hole, and that the well was to be plugged, they allege that they entered into an oral agreement with plaintiff, whereby plaintiff was to make arrangements with the drilling company for them to purchase the casing in the well; that such agreement was entered into and that they did purchase the casing.

It is plaintiff's contention that it was further agreed between the parties that, in plugging the well, plaintiff should so plug it as to protect the Hunton lime; that it should be so plugged that it could be opened and produced in the Hunton lime; that, in consideration for this service, after expenses of production were paid, he should have a half interest in the profits of the producing well, and defendants should convey to him an undivided half interest in the minerals in 80 acres of the land surrounding the well. Plaintiff testified that he performed his part of the agreement; that in plugging the well he was particular to place the plug so as not to damage the Hunton lime; that he plugged off the salt water in the Wilcox sand, and, after doing so, poured four sacks of cement on top of the plug. He further testified that thereafter defendants opened the well and took large quantities of oil therefrom; that they failed to account to him for any part thereof and refused to convey to him the interest in the minerals in the land.

Defendants offered no evidence. We gather from the briefs of parties that the trial court sustained the demurrer to the evidence of plaintiff on the ground that the oral agreement to convey to plaintiff an interest in the minerals in and under the land was an agreement to convey an interest in the land, and therefore within the statute of frauds (Stat. 1931, sec. 9455) and unenforceable. With this contention we agree.

In the case of Nicholson Corp. v. Ferguson, 114 Okla. 16, 243 P. 195, this court said:

"The granting clause of the oil and gas lease in the instant case recited that the lessors have granted, demised, leased, and let and by these presents do grant, demise, lease, and let unto the lessee all the oil and gas in and under the land, also the said tract of land for the purpose of entering upon, operating, and removing therefrom oil and gas for a term of five years and as much longer as oil or gas is produced therefrom. Held, that this lease granted an estate in the realty covered thereby."

See, also, Ewert v. Robinson, 289 Fed. 740, We think these authorities establish the rule that, in this state, an agreement such as here involved is one to convey an interest in real estate.

Plaintiff urges that the agreement merely constitutes a joint adventure or a mining partnership. This contention cannot be sustained. We think the facts in the instant case bring it within the rule announced in Bahnsen v. Walker, 89 Okla. 143, 214 P. 732. It is there said:

"An oral contract made between B. and W., by which the latter agreed to use his influence to induce a third person to convey a tract of land to B., in consideration of which B. agreed to reconvey 20 acres of said tract to W., is not specifically enforceable in a suit in equity by W. upon the theory that the transaction was a joint adventure and the contract created a trust relation between B. and W."

In that case plaintiff was employed by defendant to use his influence to induce a third person to convey a tract of land to defendant, and, in consideration of such service, defendant agreed to convey to plaintiff 20 acres of the land. It was there contended, as in the instant case, that the transaction was a joint adventure and not an oral agreement to convey an interest in the land. In disposing of this contention, the court said:

"We are unable to perceive any of the elements of a joint adventure or a trust relation in the transaction established by the foregoing uncontradicted evidence. It seems quite clear to us that at most the relation created by the contract was that of debtor and creditor, and that the refusal of the defendant to convey the land merely made the plaintiff his creditor."

In the instant case, defendants were the owners in fee of the land. They employed plaintiff to perform certain services for

them, and in consideration thereof agreed to give him an interest in the well and to convey to him an interest in the minerals. This case, in so far as it relates to an interest in the minerals lying in and under the land, under the above authority, is an agreement to convey an interest in the land, and cannot be construed as a joint adventure.

Plaintiff further argues that, even though the agreement were within the statute of frauds and not originally enforceable, it was fully performed by him, and such full performance is sufficient to take the case out of the statute. This contention has also been decided against him in the case of Bahnsen v. Walker, supra. The second paragraph of the syllabus of that case is as follows:

"There are two propositions upon which the cases are very fully agreed: First, that the payment of the purchase money will not be regarded as part performance, and, second, that the acts of part performance must be such that it would be fraud upon him for the other party to refuse performance on his part."

And in paragraph 3 of the syllabus of the same case, it is said:

"The term 'purchase money,' as employed in the proposition above stated, comprehends the consideration, whether it be money, or property, or services, for which the lands are to be conveyed, and it · is not limited to money alone."

In that case plaintiff fully performed the services agreed upon, and the court there held such performance insufficient to take the case out of the statute.

In 25 R. C. L. 266, the author, after stating that, in exceptional cases, equity may enforce a parol agreement for conveyance of real estate for consideration of services rendered on completion of the services, then announces the general rule as follows:

"But the mere performance of services under a parol agreement which is within the statute of frauds is not in itself sufficient to take the agreement out of the statute. It must. appear to constitute ground for a decree for the specific performance of an oral agreement to convey land, founded upon alleged services, that the services were in some respect of an exceptional character so that it is impossible to estimate their value by any pecuniary standard. If the services are merely such as could be compensated for on the basis of quantum meruit, they are not of the peculiar character requisite to constitute part performance. In such cases damages would be an adequate remedy at law and the jurisdiction of chancery could not be invoked."

We think the services rendered by plaintiff in the instant case are not of such character that their value cannot be readily measured by a pecuniary standard. The value of his services can be easily and readily established, and he must therefore resort to an action at law to recover compensation therefor.

Other questions are discussed by the parties, but the conclusion reached renders it unnecessary to determine the same.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL and ANDREWS, JJ., dissent.