MACSAS v. FISHENCORD.

No. 30258. April 7, 1942.

*124 P. 2d 388.*

Paul Cameron and George B. Coryell, both of Bristow, for plaintiff in error.

Thos. S. Harris, of Sapulpa, for defendant in error.

BAYLESS, J. Mrs. H. F. Fishencord filed an action in the district court of Creek county, Okla., against M. G. Macsas, and Macsas appeals from a judgment of that court, based on a verdict of the jury in favor of plaintiff.

Plaintiff filed a rather lengthy petition, and later filed a second amended petition, and upon order of the court amended the second amended petition, one of the amendments being to separately state the two causes of action pleaded. Thereafter the trial court sustained a demurrer to the second cause of action, and the action was tried on the first cause of action set out in the second amended petition and the amendment thereto. Briefly, plaintiff alleged that her sister was the owner of a certain 10-acre tract of land which she desired to have explored for oil and gas; that acting with authority from her sister, plaintiff advertised for some one to drill on this property and in that manner became acquainted with defendant; that plaintiff and defendant verbally agreed that defendant would drill a well on the 10-acre tract owned by plaintiff's sister in return for plaintiff acquiring a lease on that 10-acre tract as well as leases upon certain adjoining tracts of land; that defendant took advantage of plaintiff's efforts and obtained leases on the adjoining tracts, but defendant refused to accept a lease upon the sister's tract because the lease required a well to be drilled on that 10-acre tract; and that defendant refused to drill upon the 10-acre tract under any circumstances. It is difficult to determine upon what theory plaintiff seeks damages, that is to say, whether the damages sought are in the nature of the commission she lost, or whether it was damages in the nature of one-half of the mineral rights thus obtained which she was to receive from defendant. She alleged in her petition that in her negotiations with defendant she "acted in her own behalf and not as the agent of any other," whereas in her own testimony, as well as the testimony of her sister in her behalf, it is positively made to appear that she was acting only as agent of her sister. After making all of the allegations sufficient to outline the theory above summarized, plaintiff alleged "that the cost of drilling a well to the Wilcox sand upon the ten (10) acres above described would be $5,000," and in the prayer of her petition sought judgment for $5,000. There is no other allegation of damage, since the trial court struck her second cause of action.

Defendant argues a number of propositions, but we think two are sufficient to dispose of this appeal and to render unnecessary the discussion of the others.

Defendant argues that his demurrer to the second amended petition as amended should have been sustained as to the first cause of action, and that his demurrer to the evidence of the plaintiff should have been sustained. Upon our consideration of these two propositions, we feel they are well taken.

Among other grounds set out in the demurrer is the general ground that the petition fails to state a cause of action against the defendant. Under the rule of law announced in Hall v. Haer, 160 Okla. 118, 16 P. 2d 83, and other cases, an oral agreement whereby one person agrees to render services in connection with the procurement of oil and gas leases for an interest in the leases so obtained is within the statute of fraud and unenforceable. Insofar as the plaintiff's petition upon which this case was tried could be considered in the nature of an action for specific performance, it cannot be maintained. As pointed out in Hall v. Haer, the fact that such a verbal agreement is unenforceable in

equity does not preclude the party asserting from recovering damages or compensation for the services so rendered if their value can be shown.

The plaintiff by her pleadings attempts to value the services which she rendered, or the damage which was done to her by reason of the defendant's refusal to perform the contract, by the cost of drilling a well to the Wilcox sand as contemplated by the parties. The plaintiff does not allege nor does she prove that she drilled such a well, thereby discharging for defendant his obligation, nor does she show that she has obligated herself so to do. She was not the owner and had no interest in the land upon which this well was to be drilled, and therefore she cannot claim the damages specified on any theory peculiar to the owner of the land. The plaintiff did not attempt to recover on a quantum meruit basis. We are unable to find from her petition and evidence and brief any sustainable theory upon which she can base the damages sought or the verdict of the jury in her favor in this action.

The judgment of the trial court is reversed and the cause is remanded.

WELCH, C.J., CORN, V.C.J., and RILEY, OSBORN, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., dissent. GIBSON, J., absent.