COPELAND OIL COMPANY, a corporation, and Burl C. Wilcox, Plaintiffs in Error,

v.

Eugene PARKER and Opal Parker, Defendants in Error.

No. 37153.

Supreme Court of Oklahoma.

Jan. 29, 1957.

E. O. Clark, Stigler, for plaintiffs in error.

Kelly Brown, Muskogee, for defendants in error.

WILLIAMS, Justice.

This is an appeal by Copeland Oil Company, a corporation, and Burl C. Wilcox, hereinafter referred to as defendants, from a judgment rendered on a jury verdict in favor of Eugene Parker and Opal Parker, hereinafter referred to as plaintiffs, in the amount of $1,000, which was reduced to $500 by the filing of a remittitur.

The action was instituted by plaintiffs as an action for damages for breach of covenant for the quiet enjoyment of real property.

In 1941, defendant Wilcox acquired title to a tract of land 180 feet by 180 feet in size located immediately adjacent to State Highway 9 in the Town of Whitefield, Haskell County, Oklahoma. After purchasing the land, defendant Wilcox erected a combination residence and place of business thereon, or what he thought was thereon. From the time of the erection of the building in 1941, until June 23, 1948, defendant Wilcox and his wife occupied five

rooms in the rear part of the building as their home, and in a front room of the building, which was about 16 by 30 feet in size, conducted a little grocery store, and operated a filling station in front.

On June 23, 1948, defendant Wilcox, by written instrument of that date, leased the property to defendant Copeland Oil Company for a term of three years at a rental of $50 per month, commencing July 1, 1948. Thereafter, on the same date, defendant Copeland Oil Company, by written instrument, sub-leased the property to plaintiffs for the same term and at the same rental.

Apparently defendant Copeland Oil Co. owned the gasoline dispensing equipment located on the premises, and the lease, or sub-lease, from it to plaintiffs provided that all petroleum products used or sold on the premises should be ·purchased from defendant Copeland Oil Co., and that no business should be carried on which would hamper the sale of petroleum products.

Plaintiffs took possession of the premises and continued thereon until disturbed as hereinafter set out. The Town of Whitefield is at the junction of Oklahoma State Highways Nos. 2 and 9, and in 1950 a program of widening and improving State Highway 9 between Whitefield and Stigler was undertaken by the State Highway Department. On March 27, 1950, the parties to this action, both plaintiffs and defendants, were served with a notice of that date by the State of Oklahoma Department of Highways to clear the right-of-way of State Highway 9, in which it was alleged that about 16 feet of the canopy and front part of the building occupied by plaintiffs encroached upon the highway right-of-way and that such encroaching part of said building should be moved back of the markers set on the right-of-way line within 90 days or the same would be done by said department and that it would not be responsible for any damage done if such course had to be pursued.

Defendants decided that it was the better course to comply with the notice of the highway department, and conceived a plan of compliance whereby the part of the building used for business purposes would be separated from the rest of the building and moved to one side back of the highway right-of-way line. Plaintiffs, however, refused to accede to such plan and refused to allow plaintiffs to carry it out.

As a result of plaintiffs' continued refusal to allow the removal of the encroachment from the highway right-of-way, on May 15, 1950, the Department of Highways, instituted an action in the District Court of Haskell County seeking a mandatory injunction against both plaintiff Parker and defendants Wilcox and Copeland Oil Co., prohibiting them from maintaining the encroachment on the highway right-of-way. After responses were filed, the court, on May 19, 1950, issued a mandatory injunction directing that the encroachments be cleared from the highway right-of-way within 15 days.

Following the issuance of the mandatory injunction, defendants proceeded to remove the encroachment from the highway right-of-way by separating the front room and canopy from the rest of the building and moving it over beside the part of the building used for residence purposes. Such removal was completed on June 14, 1950, and as completed left two buildings side by side, but not connected together, on the leased premises.

Plaintiffs paid the agreed rental on the premises through the month of June, 1950, but thereafter failed and refused to pay any further rent, and finally vacated the premises on or about August 1, 1950.

Thereafter, and on January 6, 1953, plaintiffs instituted this action for damages for breach of covenant for the quiet enjoyment of the leased premises. The cause was tried to a jury resulting in a verdict and judgment for plaintiffs in the amount of $1,000. After a motion for new trial was filed by defendants, plaintiffs filed a remittitur in the amount of $500 and the motion for new trial was then overruled, and defendants have now perfected this appeal.

■ As their first assignment of error, defendants contend that the verdict of the jury for $1,000 damages, or the amount of $500 to which the verdict was remitted, is contrary to and in disregard of Instruction No. 5 on the measure of damages of the court's instructions to the jury. Such contention would seem to be well taken.

In its instruction No. 5, the court instructed the jury as follows:

"You are further instructed that it is admitted by defendants that a part of the building located on said leased land extended about 16 feet over and upon the South boundary of State Highway right-of-way, and that by virtue of right-of-way easements paramount to the title of the defendants and plaintiffs, the State required the removal of such part of said building as extended over and upon said State Highway, as aforesaid, you find from the evidence there occurred an interruption of the possession and occupancy by plaintiffs of any part of said building to their detriment, then you are instructed that the measure of damages caused by the breach of a covenant for quiet enjoyment is:

"The rental of the land paid to either of the defendants, or if the breach is partial only, such proportion of the rental so paid as the rental value of the property affected by the breach bore, at the time of the lease to plaintiffs, to the whole property, for the period of the interruption of plaintiffs' occupancy and possession of said land, or part thereof, and interest thereon for the time during which the plaintiffs derived no benefit from the property; and,

"Any reasonable expenses incurred in good faith and necessarily expended by plaintiffs in defense of their title."

No objection or exception to such instruction was made or taken by either side, and it was, in fact, a correct statement of the applicable law as prescribed by 23 O.S. 1951 § 25.

Under plaintiffs' own testimony, the physical interruption of their possession and occupancy of the premises began on May 23, 1950, and extended to June 30, 1950. Since they paid no rent after June 30, 1950, any period after that time could not be considered. The rental paid for the period involved, at the rate of $50 per month, would therefore be the total sum of $64.51. Interest on such sum at the rate of 6 per cent per annum for the same period of time would amount to the sum of 41 cents. In addition, plaintiffs testified that they expended the sum of $200 in attorneys' fees and costs in defending their title and possession in the action brought by the highway department. The total of these three items, rent, interest thereon, and sums expended in defense of title and possession, is the sum of $264.92, which is the largest amount for which the jury could have returned a verdict under the evidence presented in this case if it accepted plaintiffs' evidence in its entirety and completely disregarded defendants' evidence to the contrary.

■ Plaintiffs suggest that proper measure of damages in this case is not that prescribed by 23 O.S.1951 § 25, as the trial court determined and instructed the jury, but is that specified by 16 O.S.1951 § 24. In this regard, however, it should be noted that plaintiffs took no objection or exception to the court's instruction in this regard and have filed no cross appeal. Furthermore 16 O.S.1951 § 24, is a portion of a statute dealing with cases where an action is brought against a grantee to recover real estate conveyed to him by warranty deed. Plaintiffs are not the grantees in a warranty deed and this is not an action against them to recover real estate conveyed to them by warranty deed. Such statute could obviously have no application. Finally, it was held in the case of Nicholson Corporation v. Ferguson, 114 Okl. 16, 243 P. 195, that section 5980, C.O.S.1921, 23 O.S.1951 § 25, was the statute which prescribed the measure of damages for breach of a covenant of quiet enjoyment in connection with a lease of real estate.

Plaintiffs also suggest that the period of eviction was from March 8, 1950, until June 30, 1950, or a period of 115 days, instead of from May 23, 1950, to June 30, 1950, as above set out. Plaintiffs' own testimony, however, was to the effect that the actual disturbance of possession and occupancy first began on May 23, 1950. In this connection, it might be observed that all of the other testimony was to the effect that plaintiffs were not disturbed in their possession and occupany of the residence portion of the building at all and were only disturbed in their possession and occupancy of the filling station and store portion of the building for a period of 8 days, from June 6, 1950, to June 14, 1950.

We therefore conclude that although the court correctly instructed the jury with reference to the measure of damages in this case, the jury's verdict was contrary to and in complete disregard of such instruction.

The judgment is therefore affirmed only on the condition that a remittitur of all sums in excess of $264.92 be filed by plaintiffs within fifteen days of the date hereof, otherwise the same is reversed and remanded with instructions to grant a new trial.