Documentary Stamp Tax — Lease — Taxable An oil and gas lease or an assignment thereof is a sale, grant, assignment, transfer or conveyance of lands, tenements, or other realty under the Oklahoma Documentary Stamp Law, 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] (1968). The Attorney General has had under consideration your letter of January 15, 1968, wherein you request a formal opinion from this office. The Thirty-first Legislature, First Session, 1967, enacted a Documentary Stamp Tax Law which has now been codified as 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] (1968). You ask: "Is an oil and gas lease or an assignment thereof a sale, grant, assignment, transfer, or conveyance of lands, tenements, or other realty as is applicable to the Oklahoma Documentary Stamp Law, 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] (1967), inclusive?" Your question can be answered by an analysis of 68 O.S. 5101 [68-5101] (1967), which states: "There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value `of any lien or encumbrance remaining thereon at the time of sale, exceeds one Hundred Dollars ($100.00) a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fractional part thereof." It has long been decided by the Oklahoma Supreme Court that an oil and gas lease constitutes an interest in real estate. In the case of Franklin v. Margay Oil Corporation, 194 Okl. 519,153 P.2d 486, the Court said: "In a long line of cases, this court has held that an oil and gas lease of the kind here involved vests in the lessee an interest in the land. Barnes v. Keys, 36 Okl. 6, 127 P. 261, 45 L.R.A., N.S., 178
Ann.Cas. 191SA, 515; Rich v. Doneghey, supra; Nicholson Corporation v. Ferguson, 114 Okl. 16,243 P. 195; Cuff v. Koslosky, 165 Okl. 135, 25 P.2d 290. In the latter case, it is said: "This court in the case of Brennan v. Hunter 68 O.S. 112 [68-112], 172 P. 49, 50, announced the following rule, relative to oil and gas leases: "The lessee thereby acquired a vested, though limited, estate in the lands for the purpose named in the lease, and are entitled to be protected in the exercise of their rights according to the terms and conditions of the contract. . . . The views above expressed are sustained by the great weight of authority, if not by the unanimous opinions of the courts." `"There can now be no doubt that the oil and gas leases involved convey such interest in real estate than an action may be maintained to quiet the title." This view was also stated in the cases of Harris v. Tucker, 147 Okl. 210, 296 P. 394; Hall v. Haer, 160 Okl. 118, 16 P.2d 83; and Macsas v. Fishencord, 190 Okl. 407, 124 P.2d 388. But irrespective of whether or not an oil and gas lease had been considered a part of reality previously, it could be considered such by reason of the time and manner in which this legislation was passed. For many years prior to January 1, 1968, the Federal Government imposed such a tax. The federal law was found at 26 U.S.C.A. 4361, which stated: "There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed (exclusive of the value of any lien or encumbrance remaining thereon at the time of sale) exceeds $100, a tax at the rate of 55 cents for each $500 or fractional part thereof. The tax imposed by this section shall not apply on or after January 1, 1968." It can be readily seen that the federal statute and the Oklahoma statute are identical except for the last sentence. It is thus quite evident that the Oklahoma Legislature merely enacted the federal statute. At 82 C.J.S., Statutes, Section 371, it is said that: "Where a legislature adopts a federal statute verbatim, the history of the law and the intent of congress when it adopted the provision have a bearing on the intent of the legislature, and it may be presumed that the legislature knew of the interpretation placed on the provision as expressed during the debates when before congress for adoption, had the same objectives in mind, and employed the statutory terms in the same sense. So where the adoption of an amendment to the state act follows shortly after the adoption of an amendment to the federal act, and the two are couched in almost identical language, it may be answered that both had the same purposes. . . ." It is also stated in 82 C.J.S., Statutes, Section 372, that: ". . . a statute adopted from another jurisdiction, such as a statute adopted from another state or a statute which was originally enacted in a foreign country and subsequently adopted in this country, will be presumed to have been adopted with the construction placed on it by the courts of that state or country before its adoption. Such construction is regarded as of great weight, or at least persuasive, and will generally be followed if sound and reasonable, and in harmony with justice and public policy, and with other laws of the adopting jurisdiction on the subject. "The above statements are applicable to the construction of . . . federal statutes adopted by a state or territory." Regarding a federal statute adopted by Oklahoma in the case of State v. Bennett,81 Okl. Cr. 206, 162 P.2d 581, the court said: "A review of the construction placed upon the language of the statute by the federal courts is persuasive and helpful . . ." In the case of Innes v. McColgon, 47 Cal.App.2d 781,118 P.2d 855, it was stated: "The California Personal Income Tax Act, St. 1935, p. 1090, in many respects closely follows the provisions of the Federal Income Tax Law, 26 U.S.C.A. Int. Rev. Code, Section 1 et seq. The definitions of gross income are similar in both enactments so we may presume that the California law was adopted with the definition in mind that the federal courts had placed on gross income. Union Oil Association v. Johnson, 2 Cal.2d 727,32 P.2d 360, 43 P.2d 291, 98 A.L.R. 1499. Therefore, we will look to the decisions 16 of the federal courts to determine the definition of gross income in cases identical with or similar to the one we have here. . . ." The Supreme Court of Kansas in Small v. Small, 195 Kan. 531,407 P.2d 491, said that, ". . . This court has not heretofore had occasion to pass upon the particular question but as K.S.A. 60-212(b) was taken from Federal Rule 12 the construction placed upon the language of the subsection by the federal courts is entitled to great weight." (Emphasis added) Therefore, since 68 O.S. 5101 [68-5101] (1967), was enacted immediately after the federal law was repealed and was identical to the federal law, the construction placed upon the federal law by federal courts prior to the enactment of it into state law should be controlling as to the intent of the legislature. In the case of Phillips Petroleum Co. v. Jones, 176 F.2d 737
(10th Cir. 1949), the court said: ". . . while clinging to the technical common law definitions, the Oklahoma courts have nevertheless held that an oil and gas lease is within the statute of frauds applicable to real estate, its conveyance by a corporation is required to be attested by its secretary in accordance with a statute relating to real estate; it is a conveyance within the homestead laws of the state; and it is a grant of real property within the meaning of the Oklahoma statute relating to breaches of covenants in a grant of an estate of real property. It has been held that an exception in a deed of conveyance reserving unto the grantor the oil and gas, is a reservation of an interest in land; it is a proper subject of an equitable proceedings to quiet title; the pledge of unaccrued royalty as security by the lessor of an oil and gas lease a pledge of an interest in real estate; and a mortgage upon land is a . . . mortgage upon the oil and gas in place as an incident to the land itself. An assignment of an oil and gas lease requires all of the formalities of all other conveyances of real estate; it must be recorded as an instrument relating to real estate to impart notice; and, a mortgage of an oil and gas lease must be recorded as a real estate mortgage. See Constitutional Supply Co. v. Marshall, 10 Cir., 152 F.2d 300, and cases collected here. "If an Oklahoma oil and gas lease is realty or an interest therein for all of the foregoing practical purposes, we do not think that it is a perversion of its true character to say that it is realty for documentary stamp tax purposes." See also recent Oklahoma decision Melcher, et al., v. Camp, et al., 38 O.B.A.J. 2503. It is the opinion of the Attorney General that an oil and gas lease or an assignment thereof is a sale, grant, assignment, transfer, or conveyance of lands, tenements, or other realty under the Oklahoma Documentary Stamp Law, 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107]. (Dale F. Crowder) ** SEE: OPINION NO. 72-208 (1972) ** ** SEE: OPINION NO. 72-208 (1972) **